**Slip Op. 00-155**

# United States Court of International Trade

|  |  |
|---|---|
| KANEMATSU USA INC., | |
| Plaintiff, | Before: Pogue, Judge |
| v. | Court No. 95-04-00405 |
| UNITED STATES, | |
| Defendant. | |

[Plaintiff's motion and Defendant's cross-motion for summary judgment denied]

Decided: November 21, 2000

<u>Serko & Simon LLP</u>, (<u>Daniel J. Gluck</u>, <u>David Serko</u>, <u>Jerome L. Hanifin</u>) for Plaintiff.

<u>David W. Ogden</u>, Assistant Attorney General, <u>Joseph I. Liebman</u>, Attorney-in-Charge, International Trade Field Office, <u>Bruce N. Stratvert</u>, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; <u>Chi S. Choy</u>, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, Of Counsel, for Defendant.

## OPINION

**Pogue, Judge:** This case is before the court on motions for summary judgment pursuant to USCIT Rule 56. Plaintiff, Kanematsu USA Inc. ("Plaintiff"), challenges a decision of the United States Customs Service ("Customs") denying Plaintiff's protests filed in accordance with section 514 of the Tariff Act of 1930, as amended. <u>See</u> 19 U.S.C. § 1514 (1994). At issue is the proper tariff classification under 19 U.S.C. § 1202 (1988), Harmonized Tariff Schedule of the United States ("HTSUS"), of Plaintiff's imported

Power Take Off ("PTO") clutch/brakes.  Jurisdiction is proper based on 28 U.S.C. § 1581(a)(1994).

## Background

In 1992 and 1993, Plaintiff imported Ogura PTO clutch/brakes.[1] Upon importation, Customs classified the merchandise under subheading 8505.20.00, HTSUS (1992),[2] arguing that the PTO clutch/brake was composed of an electromagnetic clutch and an electromagnetic brake.  Subheading 8505.20.00, HTSUS, covers certain electrical equipment, specifically, "electromagnetic couplings, clutches, and brakes[.]" Customs classification of the PTO clutch/brake within this heading resulted in the assessment of a 3.9 % ad valorem duty.  Plaintiff protests Customs' classification, arguing that the appropriate subheading is 8708.99.10, HTSUS, under which the goods would be eligible for duty-free treatment.  According to Plaintiff, the subject merchandise is composed of an electromagnetic clutch and a mechanical brake.  Therefore, Plaintiff claims, it is inappropriate to classify the goods within a heading providing exclusively for electrical equipment.  Plaintiff claims that the subject merchandise is classifiable as "parts of tractors suitable for

---

[1]The PTO clutch/brakes at issue were manufactured by Ogura in Japan and imported by Plaintiff Kanematsu.

[2]The 1993 version of 8505.20.00 is identical.  The 1992 and 1993 versions of the other subheading at issue, 8708.99.10, are also identical.

agricultural use," under subheading 8708.99.10, HTSUS.


## Standard of Review

This case comes before the court on Plaintiff's motion and Defendant's cross-motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." USCIT R. 56(c). When "a reasonable trier of fact" could return a verdict for the non-movant, based on a factual dispute, summary judgment will be denied. Erdle v. United States, 23 CIT __, __, slip op. 99-7, at 6 (Jan. 15, 1999).


## Discussion

The merchandise at issue is a PTO clutch/brake. The parties agree that it is a unique good, containing both a clutch and a brake. See Pl.'s Mem. Supp. Mot. Summ. J., at 2 ("Pl's Brief"); Def.'s Mem. Supp. Cross-Mot. Summ. J., at 15 ("Def.'s Brief"). The parties also agree that the clutch portion of the subject merchandise is an electromagnetic clutch. See Pl.'s St. of Facts, at ¶ 9; Def.'s Resp. to Pl.'s St. Facts, at ¶ 9. The parties disagree, however, on whether the brake portion is an electromagnetic brake or a mechanical one.

Plaintiff argues that the PTO clutch/brake has four subassemblies: a field assembly, a rotor assembly, a clutch

armature assembly, and a mechanical brake.  See Pl.'s Brief, at 6. The brake, according to Plaintiff, is a mechanical brake, because the leaf springs put the brake into motion.  See id. at 8. Plaintiff claims that the clutch and brake function independently. See Pl.'s Resp. to Def.'s Mot. for Summ. J. and Reply to Def.'s Opp. to Pl.'s Mot. for Summ. J., at 18 ("Pl.'s Reply").  Plaintiff argues that in order for the brake to be an electromagnetic brake, it must contain a coil specifically for use with the brake.  See Pl.'s Brief, at 16. Therefore, according to Plaintiff, if the PTO clutch/brake consists of an electromagnetic clutch and an electromagnetic brake, there must be two coils, one working with the brake and one working with the clutch.  See id.  Because there is no such coil, Plaintiff concludes that the brake must be considered a mechanical brake.  See id.

    Customs, on the other hand, argues that there are three subassemblies in the PTO clutch/brake: a field assembly, a rotor assembly, and an armature assembly.  See Def.'s Brief, at 7, 12. Customs takes the view that the braking and clutching functions are dependent on each other.  See id. at 9.  Due to this dependence, Customs claims, only one coil is necessary for both the clutch and brake to be electric.  See id. at 20-21.  Although Customs agrees that the brake is spring engaged and electrically released, Customs argues that this brake is an electromagnetic one.  See id. at 9-10. Specifically Customs argues that the brake is a spring-set brake or a fail-safe brake, which Plaintiff denies.  See id. at 10.

    Importantly, Plaintiff and Customs do not agree on the

mechanics or the purpose of electromagnetic spring-set brakes. See Pl.'s Reply, at 22-26; Def.'s Reply, at 3-4. Customs argues that the brake portion of the PTO clutch/brake is an electromagnetic spring-set brake. See Def.'s Brief, at 10. Under this analysis, the brake is electromagnetic and, therefore, classifiable within Heading 8505. Plaintiff claims that, to the contrary, electromagnetic spring-set brakes and the brake at issue have different methods of operation, see Pl.'s Reply, at 22-26, which influence the categorization of brakes. In accordance with Plaintiff's argument, the brake is mechanical, or, at the most, a mechanical brake under the control of an electric current. See id. at 26-27. As a result, under Plaintiff's analysis the merchandise is excluded from Heading 8505 by the Explanatory Notes. See Harmonized Commodity Description and Coding System, Explanatory Notes (1st ed. 1986)("Explanatory Notes") at 1341 (referring to electromagnetic brakes in heading 8505, the Explanatory Notes explain that this "heading does not, however, cover mechanical hydraulic or pneumatic brakes controlled by electro-magnetic devices")(emphasis in original).

Both parties cite to Machine Design: Basics of Design Engineering, June 1993, to explain the mechanics of mechanical and electromagnetic brakes. Plaintiff focuses on the definition that describes a mechanical brake as one that acts "by generating frictional forces as two surfaces rub against each other." Id. at

95; <u>see</u> <u>also</u> Pl.'s Brief, at 16.   Customs argues that the appropriate description of the brake portion of the PTO clutch/brake is found under the entry for "electric brakes."  This definition is for a fail-safe brake, and describes the brake as one "actuated by pressure from a spring . . . with the electrical force used to disengage the brake."   <u>Machine Design</u>, at 96; <u>see</u> <u>also</u> Def.'s Brief, at 17-18.   Because Plaintiff disagrees with Customs as to whether the brake portion of the PTO clutch/brake works in a similar manner to a fail-safe brake, issues of material fact bearing on the classification of the subject merchandise remain.

"Where there are material facts at issue on a motion for summary judgment, the court cannot examine the evidence and make findings of fact." <u>Erdle</u>, 23 CIT at __, slip op. 99-7, at 8; <u>see</u> <u>also</u> <u>Bausch & Lomb, Inc. v. United States</u>, 148 F.3d 1363, 1365 (Fed. Cir. 1998).   Here genuine issues of material fact exist; accordingly we deny both motions for summary judgment.

## Conclusion

Plaintiff's motion and defendant's cross-motion for summary judgment are hereby denied.  The parties are directed to file an order governing preparation for trial.

 

 

_____

Donald C. Pogue
Judge

Dated:     November 21, 2000
           New York, New York